(26 Misc. Rep. 63.)

MAGNOLIA METAL CO. v. STERLINGWORTH RAILWAY–SUPPLY CO. et al.[1]

(Supreme Court, Special Term, New York County. January, 1899.)

ATTORNEY AND CLIENT—EXTENT OF RETAINER.

An attorney's authority to appear for his client ceases after the entry of final judgment, except that he may take the necessary steps to collect the judgment.

Action by the Magnolia Metal Company against the Sterlingworth Railway-Supply Company and others. On motion by defendants to require plaintiff's attorneys to accept notice of appeal and undertaking. Granted.

Alexander Thain, for the motion.
Nichols & Bacon, opposed.

TRUAX, J. In construing rule 3 of the rules of the court of appeals (33 N. E. iv.), it should be borne in mind that it is always the presumption that an attorney is employed to conduct the litigation to judgment, and no further, and that the relation of attorney and client, and the general powers of the attorney, cease upon the rendition and entering of the judgment. 3 Am. & Eng. Enc. Law (2d Ed.) 329. It was because of this presumption that 2 Rev. St. p. 362, §§ 24, 25, was passed. This statute authorized the attorney of record to acknowledge satisfaction of judgment within two years after its rendition, unless his general powers as the attorney had been revoked; and section 1260 of the Code of Civil Procedure is to the same effect. But the question raised by this motion has been decided by the general term of this court, in this department, in Cruikshank v. Goodwin, 20 N. Y. Supp. 757. In that case the attorney of record before judgment moved after judgment to compel certain attorneys to show their authority to appear without a substitution, and his motion was denied. The court said that an attorney's authority to appear for his client ceases after entry of final judgment, except that he may take the necessary steps to collect the judgment. To the same general effect is Webb v. Milne, 10 Civ. Proc. R. 27.

Motion granted, with $10 costs.

---

[1] Affirmed on appeal. See 56 N. Y. Supp. 16.